UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JACKIE HARVELL,

    Plaintiff,                    CASE NO.:

v.

WELLS FARGO BANK, N.A.,  d/b/a WELLS
FARGO HOME MORTGAGE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Jackie Harvell, by and through the undersigned counsel, and sues Defendant, Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.     The alleged violations described herein occurred in Davidson County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C.

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Antioch, Davidson County, Tennessee.

9.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation which was formed in California with its principal place of business located at 464 California Street, San Francisco, California 94101, and which conducts business in the State of Tennessee through its registered agent, Corporation Service Company, located at 2908 Poston Avenue, Nashville, Tennessee 37203.

11.     Defendant called Plaintiff approximately one hundred fifty (150) times in an attempt to collect an alleged debt.

12.     Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

13.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (615) ***-9181, and was the called party and recipient of Defendant's calls.

14.     Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (615) ***-9181 in an attempt to collect on a home loan.

15.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 678-7986 and (800) 944-4601.  When those numbers are dialed, a pre-recorded message answers and says,  "Welcome to Wells Fargo Home Mortgage."

16.     Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her phone before an agent/representative came on the line and she received pre-recorded messages from Defendant.

17.     On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s)/representative(s) to stop calling her cellular telephone.

18.     In or about December of 2016, and on numerous other occasions, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number, was met with an automated message, held the line, and was eventually connected to a live agent/representative and informed the agent/representative of Defendant that the calls to her cellular telephone were harassing, and demanded that they cease calling her cellular telephone number.

19.     During the aforementioned December of 2016, telephone conversation with Defendant's agent/representative, Plaintiff was informed that the calls would continue until Plaintiff paid the debt in reference.

20.     Each subsequent call Defendant made to Plaintiff's cellular telephone number was knowing and willful and done so without the "express consent" of Plaintiff.

21.     Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling Plaintiff despite Plaintiff revoking any express consent Defendant may have believed they had to call Plaintiff's cellular telephone number.

22.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

23.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer or Defendant to remove the cellular telephone number.

24.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

25.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

5

26.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

27.     Defendant has had numerous complaints against them from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

28.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from Defendant's call list.

29.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

30.     Not one of Defendant's telephone calls placed to Plaintiff was for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

31.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

32.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33.     From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's call.

6

34.    From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

35.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

37.    Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone where a voice message was left which occupied space in Plaintiff's cellular telephone or network.

38.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

39.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
### (Violation of the TCPA)

40.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

42.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Mark Lambert*
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
TSchumpert@forthepeople.com
SHill@forthepeople.com
*Counsel for Plaintiff*

9